# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEMEE GABISAN, an individual, CAROLE WILSON-MCGHEE, an individual, on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br><br><br>PELICAN PRODUCTS, INC., and Does 1 to 10,<br><br>Defendants. | CASE NO. 08CV1361-MMA (NLS)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**;<br><br>[Doc. No. 24]<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES**<br><br>[Doc. No. 25] |

Pending before the Court is Plaintiffs' Motion for Final Approval of Class Settlement and Entry of Final Judgement and Order Dismissing Action [Doc. No. 24] and Motion for Award of Attorneys' Fees, Costs and Expenses [Doc. No. 25].

## **Background**

On July 28, 2008, named Plaintiff Noemee Gabisan filed a complaint against Defendant Pelican Products, Inc. [Doc. No. 1]. Plaintiff's complaint alleged that Defendant violated the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the wage-and-hour laws of the state of California by misclassifying Plaintiff and other "Sales Support Specialists" as exempt employees and failing to pay them overtime wages. Plaintiff further alleged that, in violation of California law, Defendant failed to pay overtime wages, owed waiting-time penalties, failed to

provide accurate itemized wage statements, and engaged in unfair practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. On October 31, 2008, Plaintiff filed a First Amended Complaint ("FAC") adding Carole Wilson-McGhee as a second named Plaintiff. [Doc. No. 16]. On November 14, 2008, Plaintiff filed a Motion for Preliminary Approval of Class Settlement. [Doc. No. 19-2]. On January 9, 2009, the Court granted Plaintiffs' motion. [Doc. No. 23]. The Court conditionally certified a class for settlement purposes only, granted preliminary approval to the parties' proposed settlement, and ordered that the Court-approved notice of the proposed settlement, *see* Fed. R. Civ. P. 23(c)(2)(B), be directed to class members. [Doc. No. 23]. On or about January 27, 2009, the Court-approved notice and claim form was mailed to the 36 members of the class. *See Solorzano Decl.* [Doc. No. 24-3] at 1:24–2:1. As of March 9, 2009, the deadline to submit claim forms or request exclusion, 26 class members had submitted claim forms and no class member requested exclusion from the settlement class. *Id.* at 2:7–10. Furthermore, as of March 12, 2009, the deadline for submitting an objection, no class member had objected to the proposed settlement. *Id.* at 2:11–12.

On March 25, 2009, Plaintiffs filed a motion for final approval of the proposed settlement and a motion for award of attorneys' fees, costs and expenses. [Doc. Nos. 24, 25]. The Court held a hearing on April 17, 2009. Norman Blumenthal appeared for Plaintiffs. Linda Goldman appeared on behalf of Defendant. No individual appeared to object to the proposed settlement. At the conclusion of the hearing, the Court submitted the motions.

After due consideration of the evidence and arguments presented to the Court in the parties' moving papers as well as at the April 17, 2009 hearing, the Court concludes that good cause exists to finally approve the proposed settlement. Additionally, the Court grants Plaintiffs' motion for an award of attorneys' fees of $53, 417.98. The Court also grants Plaintiffs' motion for costs, enhancements for the class representatives, and claims administration expenses.

## Legal Standards & Analysis

### I.     FINAL APPROVAL OF PROPOSED SETTLEMENT

When a proposed class-wide settlement is reached, the settlement must be submitted to the court for approval. Fed. R. Civ. P. 23(e). Rule 23 of the Federal Rules of Civil Procedure provides:

> The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.

Fed. R. Civ. P. 23(e). A court should evaluate a settlement by balancing a number of factors, including: "the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "The relative degree of importance to be attached to any particular factor will depend upon . . . the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers For Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness.").

Having reviewed the evidence submitted in favor of the motion, the Court concludes that, considered as a whole, the settlement is fair, adequate and reasonable. Plaintiffs have identified several complexities surrounding the litigation that militate in favor of approving the settlement. These include uncertainty regarding whether the class could be initially certified, whether the class could maintain certification throughout the litigation, as well as the existence of meritorious defenses by Defendant. The Court also agrees that if Plaintiff were to succeed at trial, an inevitable appeal by Defendant would protract litigation considerably. The Court has also considered the fact that the agreement to settle did not occur until after Plaintiffs had conducted informal discovery of relevant data concerning the Class members, including compensation data, hours records, and workweek information. This information was analyzed by retained accounting consultants such that they could prepare an estimated damage analysis. Thus, it is evident that Class Counsel possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the monetary results that could be obtained through further litigation. Furthermore, the settlement was the result of arms-length negotiations before the Honorable J.

1  Richard Haden, a respected jurist and mediator of class actions such as this one. It was through
2  these and prior negotiations, that class counsel reached the informed judgment that the proposed
3  settlement is in the best interest of the class. The Court also finds that the settlement in this case of
4  $285,000 represents a substantial benefit for the class because each class member will recover a
5  substantial payment on his or her claim. Finally, the Court notes that the class members' reaction
6  to the proposed settlement has been favorable. A significant portion of the class has elected to
7  participate in the settlement by submitting valid and timely claim forms, and no class member has
8  objected to the proposed settlement or requested exclusion from the settlement class. Based on the
9  foregoing, as well as the Court's own review of the proposed settlement, the Court concludes that
10 the settlement is fair and reasonable and therefore warrants final approval at this time.

11 **II.    Attorneys' Fees**

12         Also before the Court is Plaintiffs' motion for an order approving payment of attorneys'
13 fees, enhancement awards to the named plaintiffs, and reimbursement to class counsel of
14 $17,832.02 in litigation expenses. [Doc. No. 25].

15         Upon motion in a class action, the court "may award reasonable attorney fees and
16 nontaxable costs authorized by law or by agreement of the parties." Fed. R. Civ. P. 23(h). In
17 "common fund" cases such as this one, the Ninth Circuit has stated that "the district court has
18 discretion to use either a percentage or lodestar method" to determine what constitutes a
19 reasonable fee. *Hanlon*, 150 F.3d at 1029. Under the percentage method, the Ninth Circuit has
20 established 25 percent of the common fund as a "benchmark" for what constitutes a reasonable
21 fee. *Id.*; *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).
22 Courts have found that a lodestar analysis is not necessary when the requested fee is within the
23 accepted benchmark. *Craft v. County of San Bernadino*, 2008 U.S. Dist. LEXIS 27526, at *24
24 (C.D. Cal. April 1, 2008) ("A lodestar cross-check is not required in this circuit."). The Court
25 concludes that the percentage method is appropriate in this case because the requested fee falls
26 within the accepted benchmark.

27         Under the percentage method, "the court simply awards the attorneys a percentage of the
28 fund sufficient to provide class counsel with a reasonable fee." *Hanlon*, 150 F.3d at 1029. Here,

the settlement amount is $285,000 and counsel requests $71,250 in attorneys' fees and costs, which after deducting costs, results in a fee award of $53,417.98, properly calculated as 18.74 percent of the settlement amount. After carefully reviewing the request and considering all the circumstances of this case, the Court concludes that this is a reasonable fee. As demonstrated above, the settlement confers a significant benefit on the members of the settlement class. Class counsel adequately represented the class, and the requested fee falls below the 25 percent benchmark established by the Ninth Circuit. Accordingly, the Court approves an award of attorneys' fees in the amount of $53,417.98. For good cause shown, the Court also approves the requested awards of $17,832.02 in litigation costs, and a $3,750 enhancement award for each of the named plaintiffs.

## **Conclusion**

1. This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. For purposes of the Action, the Court has subject matter and personal jurisdiction over the Parties, including all settlement class members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and due process, the Court hereby **FINALLY APPROVES** the settlement set forth in the Stipulation and finds that such settlement is, in all respects, fair, reasonable and adequate to the settlement class. The Court further finds that the Stipulation and settlement set forth therein were entered into in good faith following arms-length negotiations and is non-collusive.

4. The settlement class consists of the following: "all persons employed by Pelican in the Sales Support Specialist position in the State of California during the period July 28, 2004 through January 9, 2009." The covered period is the period from July 28, 2004 to January 9, 2009. The covered positions are those individuals employed by Defendant during the covered period and held the position of Sales Support Specialist in California.

5. Excluded from the settlement are those persons who have submitted valid and timely requests for exclusion. No class members have submitted a request for exclusion. As a result, all class members are bound by the release of claims and judgment as set forth in the

Stipulation to the full extent as provided by law.

6. With respect to the settlement class members, the Court finds and concludes that: (a) the settlement class members are so numerous that joinder of all settlement class members in the Action is impracticable; (b) there are questions of law and fact common to the settlement class members that predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the settlement class members; (d) Plaintiffs and class counsel have fairly and adequately represented and protected the interests of the settlement class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. This action is hereby **DISMISSED with prejudice** as to Plaintiffs and all settlement class members. Upon approval of the settlement and entry of this Order, Plaintiffs and each settlement class member shall be deemed to have, and by operation of this Order, shall have fully and finally released any and all released claims as to the released persons, as defined in the Stipulation.

8. The Court finds that the notice provided to the settlement class members was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, and that the notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

9. The Court determines that an award of attorneys' fees and costs to class counsel under the common fund doctrine in the collective amount of $71,250.00, representing 25% of the $285,000 settlement value to the Class, is fair, reasonable and appropriate. Accordingly, the Court hereby **GRANTS** Plaintiffs' motion and awards $71,250 to Class Counsel as attorneys' fees and litigation expenses to be paid in accordance with the terms of the Stipulation and Settlement Agreement.

10. The Court finds that the named Plaintiffs, Noemee Gabisan and Carole Wilson-Mcghee, performed their duties and roles as the class representatives admirably. Accordingly, the Court hereby **GRANTS** Plaintiffs' motion and awards the named Plaintiffs a class representative service award of $3,750 each, which the Court finds to be fair and reasonable,

1  to be paid in accordance with the Stipulation.

2        11.    Without affecting the finality of this Judgment and Order in any way, this Court hereby retains continuing jurisdiction over, *inter alia*: (a) interpretation, implementation, and enforcement of the settlement and the payments to be made under the settlement; and (b) the enforcement and administration of the Stipulation.

      **IT IS SO ORDERED**.

DATED: April 17, 2009

*[signature]*

Hon. Michael M. Anello
United States District Judge